IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY MCNEIL, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   CIVIL NO. 05-219-GPM<br>) |
| LOWE'S HOME CENTERS, INC., and DESA, L.L.C., d/b/a REMINGTON, | )<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

  This action is again before the Court on Plaintiff's motion for attorney's fees. (*Doc. 38*) Plaintiff seeks fees and expenses in the amount of $6,750.00 incurred as a result of the improper removal of this action from state court. The Court remanded the action by minute entry dated August 15, 2005. (Doc. 35) Desa filed a memorandum in opposition to the motion for attorney's fees in which it argues that the fee request is excessive, and it asks the Court to exercise its discretion and deny the motion in its entirety. (*Doc. 40*)

  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230

F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, but Desa has not rebutted the presumption.

The Court stands by its analysis and conclusion that the removal was improper. While Desa may feel justified in its attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. The Court has reviewed the fees and expenses sought and finds them to be reasonable.

For the foregoing reasons, the motion for attorney's fees (Doc. 38) is **GRANTED**, and Plaintiff is awarded fees and costs in the amount of **$6,750.00.**

**IT IS SO ORDERED.**

DATED:  10/05/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge